# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAXINE BLANK** )<br>9137 Chesley Knoll Court )<br>Gaithersburg, MD 20879 )<br>   )<br>  Plaintiff,  )<br>   )<br>  v.   )<br>   )<br>**UNITED STATES OF AMERICA** )<br>   )<br>Serve:  )<br>   )<br>  The Honorable Eric H. Holder, Jr. )<br>  Attorney General of the United States )<br>  950 Pennsylvania Avenue, NW )<br>  Washington, DC 20530 )<br>   )<br>  The Honorable Ronald C. Machen, Jr. )<br>  United States Attorney for the )<br>  District of Columbia )<br>  555 4th Street, NW )<br>  Washington, DC 20530 )<br>   )<br>  Defendant. )<br>   ) | Case No. 13-325 |

## COMPLAINT
### (Federal Tort Claims/Negligence)

Plaintiff, Maxine Blank by and through her attorneys, Barry J. Rosenthal and Bromberg Rosenthal LLC, hereby files this Complaint against the Defendant, the United States of America, and for causes states as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of the Court is invoked pursuant to Title 28, U.S.C. §1346(b), 1402(b), and 2671, et seq., whereby jurisdiction is granted to persons sustaining injuries in the District of Columbia caused by a negligent act or omission of the United States government.

2. Pursuant to the Federal Tort Claims Act, Title 28, U.S.C. §2675, Plaintiff Maxine Blank submitted a timely Standard Form 95 (Claim for Damage, Injury, or Death) to the Smithsonian Institution (hereafter, "the Smithsonian") concerning an occurrence on December 19, 2012. Defendant denied Plaintiff's claims on November 20, 2014.

**PARTIES**

3. At all times relevant to this Complaint, Plaintiff, Maxine Blank was an adult resident of the State of Maryland.

4. At all times relevant to this Complaint, the Smithsonian was a federal agency within the purview of the Federal Tort Claims Act ("FTCA"), and the actions of its employees may be attributed to Defendant United States for the purposes of invoking the jurisdiction under the FTCA.

5. At all times relevant to this Complaint, Defendant Smithsonian and the United States government owned, operated, controlled and maintained dominion and control over Parking Lot B and the sidewalk adjacent to Parking Lot B on the property of the National Zoo, 3001 Connecticut Avenue Northwest, Washington, DC 20008.

6. Plaintiff, who was a business invitee visiting the Zoo for its night time "Zoo Lights" celebration on December 19, 2012, parked her car in Parking Lot B in a parking space designated as accessible for disabled persons. After parking, she exited her car and began walking towards the Panda Gift Shop to meet friends.

7. The parking lot was unlit and very dark. There were no lights to illuminate the parking lot, walkway, or high curb adjacent to the walkway.

8. There were no warning signs or other indications of a high curb, or any notification requiring caution due to unlit areas.

9. Because there were no lights in the parking area, Plaintiff did not see the high curb and tripped over it, falling onto her hands and knees, and severely exacerbating a prior injury to her back and spine.

10. After sustaining the above described injuries, Plaintiff was transported by Courtesy Van to the Health Unit on the property of the National Zoo, where Paul Ince, an EMT, and Officer Pagan, a Smithsonian Security Officer attended to her. Officer Pagan informed the Plaintiff that she was not the first visitor to fall at that location in Parking Lot B. Mr. Ince treated the wound on her knee, gave her an ice pack, and suggested that she should go to the Emergency Room for further evaluation of her injuries.

11. Plaintiff was taken by her friend to the Emergency Department at Shady Grove Adventist Hospital, in Rockville, Maryland. X-rays of both knees were taken and she was diagnosed with contusions of both knees and back sprain/strain. She was advised to follow up with her primary care provider.

12. When she visited her primary care provider, Family Healthcare in Germantown, Maryland, on December 21, 2012, the provider acknowledged her concerns of lower back pain, neck pain, and knee pain. She was advised to follow her prescribed pain management therapy for relief.

13. Despite following a prescribed pain management therapy, Plaintiff's back pain continued to worsen. She was evaluated by orthopaedic surgeon, Dr. David Levin, who ordered

X-Rays and an MRI. Dr. Levin, after discussing the nature of her injuries and because non-surgical approaches had failed, suggested surgical intervention.

14. Insamuch as her pain continued to worsen and became unbearable to her, Plaintiff reluctantly agreed to surgery. Dr. Levin performed the surgery including an L4-L5 decompression, L4-L15 minimally invasive transforaminal lumbar interbody fusion, and insertion of plate and pedicle screws at L4-15 on May 12, 2013.

15. Almost two years after her surgery, Plaintiff's severe pain continues, unabated.

## COUNT 1
**(Negligence)**

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15, inclusive, as if set forth at length herein.

17. At all times relevant to this Complaint, Defendant Smithsonian and the United States government owed a duty to inspect and maintain said Parking Lot in a safe condition, to remedy any defects and/or conditions that could foreseeably cause injury to pedestrians invited to use these parking facilities.

18. At all times relevant to this Complaint, Defendant Smithsonian and the United States government owed a duty to warn visitors, including Plaintiff, of any unsafe conditions and to prevent exposing visitors, including Plaintiff, to the risk of injury from defects or conditions in said Parking Lot which could be reasonably be discovered and remedied.

19. Defendant United States, through Smithsonian, owed to the Plaintiff, a duty to: (a) refrain from creating hazardous conditions on the premises, (b) inspect the premises to discover any unreasonable dangerous conditions it may have created and correct any such dangerous conditions it created, (c) otherwise ensure that no unreasonable risk of injury would be posed to

invitees, pedestrians, visitors or others as a result of these conditions, (d) to light the parking facilities knowing that visitors and business invitees would be using these facilities at night; and (e) obey all the safety rules, regulations, and laws in effect in the District of Columbia.

20. That the Defendant United States, through the Smithsonian, breached the aforesaid duties by failing to properly light the aforesaid Parking Lot at night, by erecting a dangerously high curb along the border of the Parking Lot, and by failing to warn visitors that the parking lot was not lighted, thus creating and exposing business invitees, including Plaintiff, to an unreasonably dangerous condition.

21. Defendant United States, through the Smithsonian, and its employees, agents or servants, knew, or through the exercise of reasonable diligence should have known, that the unlit Parking Lot and high curb created and exposed business invitees to unreasonably dangerous and defective conditions, and that the Defendant should have corrected such unreasonably dangerous and defective conditions.  Further, Plaintiff alleges that the Defendant had actual and/or constructive notice of these unreasonably dangerous and defective conditions.

22. As a result of the breach of its duty by Defendant Smithsonian and the United States government aforesaid, on December 19, 2012,  Plaintiff Maxine Blank was caused to trip on the high curb, fall onto the walkway located in Parking Lot B, and suffer injury.

23. At all times relevant to this Complaint, Plaintiff Maxine Blank acted with reasonable care and did not contribute to the happening of the occurrence.

24. As a direct and proximate result of the negligence of the Defendant, Plaintiff Maxine Blank sustained personal injuries, which are permanent in nature, and she has in the past and will continue in the future to incur medical expenses in the care and treatment of her injuries.

**WHEREFORE**, Plaintiff Maxine Blank brings this action individually and demands judgment against the United States and the Smithsonian Institution in the amount of $500,000.00 in compensatory damages plus costs of this action, interest, and reasonable attorney's fees.

Respectfully submitted,

Bromberg Rosenthal LLC


 /s/ Barry J. Rosenthal
Barry J. Rosenthal, #02889
401 North Washington Street, #500
Rockville, MD 20850
(301) 251-6200
bjrosenthal@brsglaw.com

*Attorneys for Plaintiff*