# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXINE BLANK | ) |
| Plaintiff, | ) |
| v. | ) No. 13-325 (JEB) |
| UNITED STATES OF AMERICA | ) |
| Defendant. | ) |

## ANSWER AND DEFENSES

Defendant United States of America ("Defendant"), through its undersigned counsel, hereby answers Plaintiff Maxine Blank's ("Plaintiff") Complaint brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, as follows:

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted.

### THIRD DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*.

### FOURTH DEFENSE

Plaintiff's damages are limited to the amount claimed administratively pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(b).

FIFTH DEFENSE

Plaintiff is barred from any award of pre-judgment interest pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674.

SIXTH DEFENSE

Attorney's fees taken out of the judgment are governed by the Federal Tort Claims Act, 28 U.S.C. § 2678.

SEVENTH DEFENSE

The contributory negligence of Plaintiff bars Plaintiff's claim.

EIGHTH DEFENSE

Plaintiff has failed to mitigate her damages.

NINTH DEFENSE

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

**RESPONSES TO NUMBERED PARAGRAPHS**

Defendant responds to the Complaint in like-numbered paragraphs as follows:

**JURISDICTION AND VENUE**

1.　The allegations in paragraph 1 are legal conclusions to which no response is required.

2.　Defendant admits that the Smithsonian's Office of General Counsel received an administrative tort claim from Plaintiff on or about April 11, 2014.  Defendant admits that the Smithsonian's Office of General Counsel mailed a letter denying Plaintiff's claim on or about

November 20, 2014.  The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

## PARTIES

3. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies same.

4. Defendant avers that the Smithsonian is a trust instrumentality of the United States, established by federal charter, 20 U.S.C. § 41, *et seq*.  Defendant denies that the Smithsonian is a "federal agency."  The remaining allegations in paragraph 4 are legal conclusions to which no response is required.

5. Defendant admits that the Smithsonian owned, operated, and controlled the area known as "Lot B" in the Smithsonian National Zoological Park (the "Zoo") in Washington, DC.

6. Defendant admits that Plaintiff visited the Zoo on December 19, 2012.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and therefore denies same.

7. Denied.

8. Denied.

9. Defendant denies that there were no lights in the parking area.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint, and therefore denies same.

10. Defendant lacks information or knowledge as to the allegations in the first sentence of paragraph 10 of the Complaint regarding the alleged injuries sustained by Plaintiff, and therefore denies same.  Admitted that Plaintiff was transported by Courtesy Van to the

Smithsonian's Health Unit at the Zoo where EMT Paul Ince attended to her, and that Officer Pagan was present at the Health Unit.  Defendant denies the allegations in the second sentence of paragraph 10 of the Complaint.  Admitted that Mr. Ince wrapped her knee, gave her an ice pack, and suggested she go to the emergency room for further evaluation of her injuries.

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies same.

12. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies same.

13. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies same.

14. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies same.

15. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies same.

## COUNT 1
### (Negligence)

16. Defendant repeats and realleges its responses to paragraphs 1-15.

17. The allegations in paragraph 17 are legal conclusions to which no response is required.

18. The allegations in paragraph 18 are legal conclusions to which no response is required.

19. The allegations in paragraph 19 are legal conclusions to which no response is required. Defendant specifically denies that it has a duty to obey all the safety rules, regulations, and laws in effect in the District of Columbia.

20. Denied.

21. Denied.

22. Defendant lacks information or knowledge as to the alleged injuries sustained by Plaintiff, and therefore denies same. Defendant denies the remaining allegations in paragraph 22 of the Complaint.

23. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies same.

24. Defendant lacks information or knowledge as to the alleged injuries sustained by Plaintiff, and therefore denies same. Defendant denies the remaining allegations in paragraph 24 of the Complaint.

*[Remainder of Page Intentionally Blank]*

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that the Court enter judgment in its favor, that the Complaint be dismissed, and that Defendant be granted such other and further relief as the Court may deem just and proper.

Dated:  May 13, 2015              Respectfully submitted,

VINCENT H. COHEN, JR., D.C. Bar No. 471489
Acting United States Attorney

DANIEL F. VANHORN, D.C. Bar No. 924092
Chief, Civil Division

By: /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK, D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2525
Email: April.Seabrook@usdoj.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of May, 2015, that service of the foregoing *Defendant's Answer* has been made on counsel of record through the Court's ECF system.

        /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2525
Email: April.Seabrook@usdoj.gov